```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |  |
|---|---|---|
| GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM OF THE VIRGIN ISLANDS, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1981-5 |
| v. | ) ) ) | |
| KIRK CALLWOOD,[1] Commissioner of Finance, THE GOVERNMENT OF THE VIRGIN ISLANDS | ) ) ) ) | |
| Defendants. | ) ) | |

**ATTORNEYS:**

**Cathy M. Smith**
Government Employees Retirement System
St. Thomas, U.S.V.I.
   *For the Government Employees' Retirement System of the Virgin Islands,*

**Robert David Klausner**
Klausner, Kaufman, Jensen & Levinson
St. Thomas, U.S.V.I.
   *For the Government Employees' Retirement System of the Virgin Islands,*

**Denise N. George, AG**
**Carol Thomas-Jacobs, AAG**
St. Thomas, U.S.V.I.
   *For Kirk Callwood and the Government of the Virgin Islands,*

**Elliot H. Scherker**
**Angel Taveras**
Boston MA and Miami, FL
   *For Kirk Callwood and the Government of the Virgin Islands.*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the substitution of the current Commissioner of Finance as a party.

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of the Government of the Virgin Islands ("GVI") for a stay of execution.

On April 3, 2020, the Court entered an order directing the GVI to pay the Government Employees' Retirement System ("GERS") $63,143,506. On April 7, 2020, the GVI appealed that order. On April 17, 2020, the GVI filed a motion to stay execution of the Court's April 3, 2020, order under Federal Rule of Procedure 62 ("Rule 62"), specifically Rules 62(b) and 62(d).

Federal Rule of Appellate Procedure 8 provides that litigants "must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). Federal Rule of Civil Procedure 62 ("Rule 62") outlines the procedures for obtaining a stay of proceedings to enforce a judgment in a district court.

Rule 62(b), in pertinent part, provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).

*GERS v. Callwood, et al.*
Civil No. 1981-5
Order
Page 3

> Rule 62(d), in pertinent part, provides:
>
>> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d).

Rule 62(d) applies to orders that "grant[], continue[], modif[y], refuse[], dissolve[], or refuse[] to dissolve or modify an *injunction*." *See* Fed. R. Civ. P. 62(d) (emphasis added). The Court's April 3, 2020, order did not grant, continue, modify, refuse, dissolve, or refuse to dissolve an injunction. Rather, it awarded GERS money. As such, Rule 62(d) is not an appropriate vehicle for staying execution of the Court's April 3, 2020, order.[2]

---

[2] *See Liberty Mut. Fire Ins. Co. v. Clemens Coal Co.*, No. 14-2332-CM, 2017 U.S. Dist. LEXIS 173666, at *5 (D. Kan. Oct. 19, 2017) (holding that defendant could not obtain stay of judgment that "declared the rights of parties to a contract" and "granted judgment as a matter of law on a negligence counterclaim" under Rule 62(d) because "[t]he plain language of Rule 62[(d)] indicates that a court may issue a stay under this rule only while an appeal is pending and only if the order or judgment appealed from is an injunction"); *Cont'l Cas. Co. v. Orr*, No. 8:07CV292, 2008 U.S. Dist. LEXIS 105739, at *4 (D. Neb. July 31, 2008) (holding that stay under Rule 62[(d)] was unavailable for declaratory judgment that declared insurance company's liability "was limited to the $ 2 million per claim limit of the [policy at issue]" because "[s]uch a declaratory judgment is not analogous to an order 'that grants, dissolves, or denies an injunction,'" (quoting Fed. R. Civ. P. 62(d))); *Yankton Sioux Tribe v. S. Missouri Waste Mgmt. Dist.*, 926 F. Supp. 888, 890 (D.S.D. 1996) ("The Court previously held that Rule 62[(d)], which permits imposition of an injunction pending appeal from a final judgment, does not apply to a declaratory judgment, and the Court now reaffirms that holding.").

*GERS v. Callwood, et al.*
Civil No. 1981-5
Order
Page 4

With respect to Rule 62(b), the GVI argues that 5 V.I.C. § 1141 ("Section 1141") exempts the GVI from the bond or security requirement of that Rule. Section 1141 provides

> In any civil action in which the government of the Virgin Islands is a party, no bond, written undertaking, or security shall be required of the government of the Virgin Islands. Upon complying with other requirements, the government of the Virgin Islands has the same rights, remedies, and benefits as if the bond, undertaking, or security had been given and approved.

5 V.I.C. § 1141(b).

This Court is a federal court bound to apply the Federal Rules of Civil Procedure both today and when this action commenced in 1981. *See Callwood v. Callwood*, 233 F.2d 784, 787 (3d Cir. 1956) ("Whatever the old practice may have been on appeals from the District Court of the Virgin Islands in civil cases arising under local law . . . need not concern us here. For Congress in § 25 of the Revised Organic Act of the Virgin Islands passed some six months before this case was tried below, made the Federal Rules of Civil Procedure applicable in [civil] cases . . . ." (citations omitted)). The Court is aware of no authority that permits a state or territory to enact a local law exempting itself from the application of

GERS v. Callwood, et al.
Civil No. 1981-5
Order
Page 5

the Federal Rules of Civil Procedure. Indeed, to the contrary, the Revised Organic Act of 1954 prohibits the Legislature of the Virgin Islands from enacting laws that are "inconsistent with . . . the laws of the United States made applicable to the Virgin Islands." *See* 48 U.S.C. § 1574. Moreover, as a federal court, whether sitting in diversity or addressing federal questions, this Court is required to apply the Federal Rules of Civil Procedure in civil matters. *See, e.g.*, *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005) ("The Federal Rules of Civil Procedure, not state procedural rules, govern in diversity, as they do in federal-question, cases in federal district courts.").

Clearly, given the state of the relevant law, the GVI cannot obtain the specific relief it seeks. Even so, the GVI may obtain a stay if it posts a bond as contemplated by Rule 62(b). Accordingly, the Court will stay execution if the GVI posts a bond in the amount of $63,143,506.

The premises considered, it is hereby

**ORDERED** that the motion of the GVI to stay enforcement of the Court's April 3, 2020, order is **DENIED** without prejudice; and it is further

**ORDERED** that the execution of the April 3, 2020, order in favor of the Government Employees' Retirement System will be

*GERS v. Callwood, et al.*
Civil No. 1981-5
Order
Page 6

stayed only upon the posting of a bond in the amount of $63,143,506 with the Clerk of the Court.

```
                              S_____
                                 Curtis V. Gómez
                                 District Judge
```